```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BARTON FLEISHMAN, as Assignee of
Mir-Bar Realty Corporation CO Miriam
Fleishman, Howard Fleishman,

                    Plaintiff,                    00 Civ. 0009(GBD)(KNF)

        -against-                                 ORDER


VICTORIA PELSAK HYMAN, et al
                    Defendants.
-----------------------------------------------------------------x
```

GEORGE B. DANIELS, DISTRICT JUDGE:

This action was previously referred to Magistrate Judge Kevin N. Fox for a Report and Recommendation ("Report"). On September 30, 2004, Magistrate Judge Fox issued a Report wherein he recommended that defendants' (1) motion to dismiss the complaint for lack of subject matter jurisdiction be denied; (2) that defendants' motions to dismiss the plaintiff's RICO and usury claims for failure to state a claim be granted; (3) The Rule 11 sanctions be denied; and (4) the plaintiff be given an opportunity to file a second amended complaint so that plaintiff may set forth more fully the jurisdictional basis, if any, upon which the Court might exercise jurisdiction over his legal malpractice claim. On November 24, 2004, this Court adopted Magistrate Judge Fox's Report in its entirety.

This action was again referred to Magistrate Judge Fox for a Report on four applications by defendants that the seconded amended complaint be dismissed, pursuant to Fed. R. Civ. P. 12(b), and applications by S. Hyman, V. Hyman, and Platinum Designs (collectively, "Hyman Defendants") for sanctions to be imposed upon Plaintiff pursuant to Fed. R. Civ. P. 11(b). In his Report, dated July 27, 2005, Magistrate Judge Fox recommended that the second amended complaint be dismissed. The Report also recommended that Plaintiff be sanctioned, and be directed to pay reasonable attorney fees and costs incurred by the Hyman Defendants in making

their application to dismiss the second amended complaint and the instant applications for sanctions. The Report further recommended that a monetary sanction of $5,000.00 be imposed on Plaintiff to be paid to the Clerk of the Court. In the Report, Magistrate Judge Fox advised the parties that failure to file timely objections to the Report will constitute a waiver of those objections. Neither party filed objections and the time to do so has expired. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

Where there are no objections, the Court may accept the Report provided there is no clear error on the face of the record. See Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Heisler v. Kralik, 981 F. Supp. 830, 840 (S.D.N.Y. 1997), aff'd 164 F.3d 618 (2d Cir. 1998). After reviewing the Report, the Court finds that the record is not facially erroneous. Accordingly, the Report and Recommendation is adopted. The second amended complaint is dismissed in its entirety, and sanctions are imposed.

This matter is recommitted to Magistrate Judge Fox for a calculation of the total dollar amount of sanctions upon submission of an affidavit of fees and costs by the Hyman Defendants.

Dated: New York, New York
August 26, 2005

SO ORDERED:

GEORGE B. DANIELS
United States District Judge