UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
BARTON FLEISHMAN, as assignee of
Mir-Bar Realty Corporation, Miriam
Fleishman, Howard Fleishman, and 611 Sixth
Ave. Corporation,

               Plaintiff,

               -against-

VICTORIA PELSAK HYMAN, et al.,

               Defendants.
------------------------------------------------------X

**REPORT AND RECOMMENDATION**

00 Civ. 0009 (GBD)(KNF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/26/06

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE GEORGE B. DANIELS UNITED STATES DISTRICT JUDGE

Plaintiff Barton Fleishman ("Fleishman"), proceeding pro se as the assignee of Mir-Bar Realty Corporation ("Mir-Bar"), Miriam Fleishman, Howard Fleishman and 611 Sixth Ave. Corporation, commenced the above-captioned action, alleging, inter alia, usury and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq., ("RICO" or "RICO Act") against the defendants. In a Report and Recommendation dated July 27, 2005 ("July 27 Report & Recommendation"), the undersigned recommended that the plaintiff's second amended complaint be dismissed in its entirety and that sanctions be imposed upon the plaintiff, pursuant to Fed. R. Civ. P. 11, as requested by Steven Hyman, Victoria Hyman and Platinum Designs, Inc. ("Hyman defendants"). On August 26, 2005, your Honor adopted the July 27 Report and Recommendation, dismissed the plaintiff's second amended complaint and imposed

-1-

sanctions on the plaintiff, pursuant to Fed. R. Civ. P. 11, because the second amended complaint contained usury and Racketeer Influenced and Corrupt Organizations Act allegations that were essentially the same as claims that had been dismissed previously by the court. The sanctions imposed upon Fleishman included: (i) $5,000 to be paid by the plaintiff to the Clerk of Court; and (ii) the reasonable attorney's fees and costs incurred by the Hyman defendants in making their motion to dismiss the second amended complaint and for sanctions. Your Honor recommitted the matter to the undersigned to determine the amount of attorney's fees and costs that ought to be awarded to the Hyman defendants.[1]

Thereafter, counsel to the Hyman defendants certified to the Court the amount of attorney's fees and costs incurred by the defendants in defending against the plaintiff's second amended complaint and in making an application for sanctions. The Court directed the plaintiff to serve and file any challenge to the reasonableness of the attorney's fees and costs sought to be recouped.

In a writing dated October 22, 2005, Fleishman advised the Court that he "refute[d] the total number of hours claimed in the [Hyman defendants'] certification." He explained that, "it [was] inconceivable that an attorney spent two full weeks in preparation of the motion papers." Fleishman also requested "that the Court hold a hearing as to the efficacy as to the amounts claimed and time spent [by counsel to the Hyman defendants]."

In a written order, the Court denied Fleishman's application for a hearing explaining that

---

[1] Rule 11 explains, in pertinent part, the following: "[a] sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Fed. R. Civ. P. 11(c)(2).

"a litigant's incredulity, without more, is not a basis upon which to hold a judicial hearing on the reasonableness of the amount of attorney's fees and costs alleged to have been incurred by the adverse party." The order gave Fleishman an opportunity to provide the Court, by a date certain, with competent evidence setting forth the pertinent facts or a legal memorandum setting forth the points and authorities relied upon by the plaintiff in challenging the reasonableness of the attorney's fees and costs claimed by the Hyman defendants. Fleishman elected not to make any submission to the Court in accordance with the order.

In determining appropriate attorney's fees, a court may apply a "lodestar" method, through which the court multiplies "the 'number of hours reasonably expended on the litigation' by 'a reasonable hourly rate.'" Mtr. of Arbitration Between P.M.I. Trading Ltd. v. Farstad Oil, Inc., 160 F. Supp. 2d 613, 614-15 (S.D.N.Y. 2001) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 [1983]). In general, when fixing a reasonable rate for attorney's fees, it is appropriate for a court to consider and apply the prevailing market rates in the relevant community for similar legal work of lawyers of reasonably comparable skill, experience and reputation. See Blum v. Stenson, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 1547 n.11 (1984). In addition, it is permissible for a court to rely upon its own knowledge of private law firm hourly rates in deciding what reasonable attorney fees are in the community. See Miele v. N.Y. State Teamsters Conf. Pens. & Retirement Fund, 831 F.2d 407, 409 (2d Cir. 1987).

Furthermore, a party seeking an award of attorney's fees must support the request with contemporaneous time records that show, "for each attorney, the date, the hours expended, and the nature of the work done." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983); see also Auscape Int'l v. National Geographic Soc'y, No.

02 Civ. 6441, 2003 WL 21976400, at *3 (S.D.N.Y. Aug. 19, 2003) (finding a printout from counsel's billing software, which contained all the required information, was acceptable for the purpose of awarding attorney's fees and costs). Attorney fee applications that do not contain such supporting data "should normally be disallowed." New York State Ass'n for Retarded Children, Inc., 711 F.2d at 1154.

In defending this action, the Hyman defendants engaged the services of the law firm Arturi, D'Argenio & Guaglardi, L.L.P. Barry S. Guaglardi ("Guaglardi"), a partner at the law firm, submitted a certification to the Court and the firm's billing records, that pertain to the legal services the law firm performed for the Hyman defendants, in connection with the relevant motion to dismiss and the motion for sanctions. The Hyman defendants contend that they are entitled to recover, from the plaintiff, $14,784.50 in attorney's fees and $708.00 in costs.

The Hyman defendants' submissions indicate that they incurred fees for the legal work performed by Guaglardi and Anthony X. Arturi ("Arturi"), another partner at the law firm, at the hourly rate of $245. The Court finds, based upon its knowledge of the hourly rates charged by private law firms in the community and the work performed in connection with the motion to dismiss and the application for sanctions that the hourly rate charged by Arturi and Guaglardi is reasonable. See, e.g., Koehler v. Bank of Bermuda Ltd., No. M18-302, 2004 WL 906274, at *2 (S.D.N.Y. April 27, 2004) (finding rate of $250 per hour reasonable).

The Hyman defendants' submissions indicate that 60.10 hours of legal services were performed by Arturi and Guaglardi in defending against the plaintiff's second amended complaint and in applying for sanctions pursuant to Fed. R. Civ. P. 11. The Court has reviewed the contemporaneous times records generated by the law firm that represented the Hyman

defendants. Based on that review, the Court finds that 59.10 hours were reasonably expended by the law firm on behalf of the Hyman defendants.[2] Accordingly, the Court finds that $14,479.50 in attorney's fees were reasonably incurred by the defendants in defending against the plaintiff's second amended complaint and in seeking sanctions against the plaintiff.

The Hyman defendants also request costs in the amount of $708. In support of their request, the defendants have submitted records for the expenses incurred in bringing their second motion to dismiss and the motion for sanctions. These costs, consisting of: courier service delivering fees, "photocopying, postage, telephone, fax and research costs" are reasonable. Accordingly, the defendants' recovery of $708, for their costs, is appropriate.

## RECOMMENDATION

For the reasons set forth above, the Court recommends an award to the Hyman defendants in the amount of $15,187.50: $14,479.50 for attorney's fees and $708.00 for costs.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of the Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, United States District Judge, 500 Pearl St, Room 630, New York, New York 10007, and to the chambers of the undersigned, 40 Centre St., Room 540, New York, New York 10007. Any

---

[2]The law firm's billing records indicate that counsel participated in a telephonic conference with the Court on June 1, 2005. The Court's records do not reflect that a conference was held on that date. Therefore, the Court has determined to disallow the $245 associated with that entry in the billing records.

requests for an extension of time for filing objections must be directed to Judge Daniels.

FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Candair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1998); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
May 26, 2006

Respectfully submitted,

*Kevin Nathaniel Fox*

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Barton Fleishman
Anthony X. Arturi, Esq.
Howard S. Jacobowitz, Esq.
Anthony M. Fischetti, Esq.
Martin E. Valk, Esq.