UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BARTON FLEISHMAN, as assignee of Mir-Bar
Realty Corporation, Miriam Fleishman, Howard
Fleishman, and 611 Sixth Ave. Corp.,

                                                                  MEMORANDUM DECISION
                                                                       AND ORDER
                            Plaintiffs,              00 CV 00009 (GBD) (KNF)

           -against-

VICTORIA PELSAK HYMAN, et al.,


                            Defendants.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

       Pro se plaintiff Barton Fleishman commenced the above-captioned action, alleging, inter alia, usury and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq., ("RICO") against the defendants.

       In a report and recommendation ("Report") dated July 27, 2005, Magistrate Judge Kevin N. Fox recommended that the plaintiff's second amended complaint be dismissed in is entirety and that sanctions be imposed upon the plaintiff, pursuant to Fed. R. Civ. P. 11, as requested by the Hyman defendants. On August 26, 2005, the Court adopted the July 27 Report and dismissed the plaintiff's second amended complaint. The Court also imposed sanctions on the plaintiff, pursuant to Fed. R. Civ. P. 11, because the second amended complaint contained usury and RICO allegations that were essentially the same as claims that were previously dismissed by the Court. The sanctions recommended to be imposed upon plaintiff included: (1) $5,000 to be paid by the plaintiff to the Clerk of Court; and (2) the reasonable attorney's fees and costs incurred by the defendants in making their motion to dismiss the second amended complaint and for sanctions.

1

This Court recommitted the matter to Magistrate Judge Fox to determine the amount of attorney's fees and costs. Magistrate Judge Fox issued a Report wherein he recommended that the Court award the defendants the amount of $15,187.50: $14,479.50 for attorney's fees, and $708 for costs. In his Report, Magistrate Judge Fox advised the parties that failure to file timely objections to the Report will constitute a waiver of those objections. Neither party filed objections to the Report and the time to do so has expired. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). Where there are no objections, the Court may accept the Report provided there is no clear error on the face of the record. Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985); see also, Heisler v. Kralik, 981 F.Supp. 830, 840 (S.D.N.Y. 1997), aff'd 164 F.3d 618 (2d Cir. 1998).

After reviewing the Report, the Court finds that the record is not facially erroneous. "Rule 11 allows, but does not require, the district court to award a prevailing party 'the reasonable expenses and attorneys' fees incurred in presenting or opposing the motion." Schottenstein v. Schottenstein, 230 F.R.D. 355, 362 (S.D.N.Y. 2005). The essential purpose of Rule 11 is deterrence, as opposed to compensation. Caisse Nationale de Credit Agricole-CNCA, New York Branch v. Valcorp, Inc., 28 F.3d 259, 266 (2d Cir. 1994).

In defending this action, defendants engaged the services of the law firm Arturi, D'Argenio & Guaglardi, L.L.P. Barry S. Guaglardi, a partner at the law firm, submitted a certification to the Court and the firm's billing records, indicating the legal services the law firm performed for defendants in connection with the relevant motion to dismiss and the application for sanctions. The defendants' submissions indicate that they incurred fees for the legal work performed by Guaglardi and Anthony X. Arturi, another partner at the law firm, at the hourly rate of $245. The defendants submit that they are entitled to recover from the plaintiff $14,784.50 in attorney's fees and $708.00 in costs. The hourly rates charged here, and the work performed in connection with the motion to dismiss and application for sanctions, are reasonable as compared

2

with private law firms in the community for similar work. See, Koehler v. Bank of Bermuda Ltd., No. M18-302, 2004 WL 906274, *2 (S.D.N.Y. Apr. 27, 2004) (finding rate of $250 per hour reasonable).

Based upon the records submitted, the magistrate judge properly determined that 59.10 hours were reasonably expended by the law firm on behalf of defendants in bringing their motion to dismiss and application for sanctions. The additional reasonable costs consisted of courier service delivering fees, photocopying, postage, telephone, fax, and research costs.

This Court awards defendants $15,187.50; $14,479.5 for attorney's fees, and $708.00 for costs. This Court finds that this amount is sufficient deterrence. In light of the amount that defendants' are entitled to recover for their reasonable attorney's fees and costs, the Court declines to adopt that portion of the Report, which recommends that the monetary sanction include $5,000 to be paid to the Clerk of the Court.

Accordingly, the Court adopts Magistrate Judge Fox's Report to the extent that it recommends that defendants be awarded $15,187.50, for attorneys' fees and costs as appropriate Rule 11 sanctions.

This case is closed.

Dated: New York, New York
August 16, 2006

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

3